■ In the Matter of Michael R. Leibowitz, Appellant, v Howard Safir, as Police Commissioner of the City of New York, et al., Respondents. [674 NYS2d 736] —In a proceeding pursuant to CPLR article 78 to compel disclosure of records pertaining to a criminal investigation conducted by the respondents, the petitioner appeals from a judgment of the Supreme Court, Kings County (Garry, J.), dated May 19, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

In October 1996, the petitioner, Michael Leibowitz, submitted a request to the respondent Police Commissioner of the

City of New York (hereinafter Police Department) pursuant to the New York State Freedom of Information Law (hereinafter FOIL) for records relating to "the release of the other individuals arrested along with Lemrick Nelson for the assault on Yankel Rosenbaum". That assault occurred on August 19, 1991, during a civil disturbance in Brooklyn, which has since come to be known as the "Crown Heights Riots". The Police Department denied the request on the ground that it would interfere with an "on-going * * * judicial proceeding". Also in October 1996 the petitioner made a FOIL request to the respondent Kings County District Attorney inquiring "for what reason no indictments were sought against Nelson's accomplices, and who made this decision". This request was denied on the ground that it "requested information and not records".

In March 1997 the petitioner commenced the instant CPLR article 78 proceeding seeking to compel the production of "documents * * * pertaining * * * to the release of those arrested with Lemrick Nelson, August 19, 1991, absent the identities of those arrested and released". After hearing oral argument, the court dismissed the proceeding. We now affirm.

Pursuant to CPL 160.50 (3) (j), a criminal action is deemed "terminated" when an arrested individual is released without being prosecuted. Thereafter "all official records and papers * * * relating to the arrest [are to be] sealed" (CPL 160.50 [1] [c]) when "the head of the arresting police agency [serves] a certification of such disposition upon the division of criminal justice services" (CPL 160.50 [3] [j]). It appears that the head of the arresting police agency involved here neglected to perform the ministerial act of filing the certificate of disposition. Nevertheless, this omission does not negate the fact that in enacting CPL 160.50 the Legislature intended that the records of those arrested and never prosecuted be sealed (see, Matter of Hynes v Karassik, 47 NY2d 659; Kalogris v Roberts, 185 AD2d 335).

Accordingly, we find that the information which the petitioner seeks is exempt from FOIL disclosure (see, Public Officers Law § 87 [2] [a]; Matter of Johnson Newspaper Corp. v Stainkamp, 61 NY2d 958; Matter of Acosta v Phillips, 193 AD2d 732). We further note that the requested information may also be deemed exempt from public disclosure as an "unwarranted invasion of personal privacy" (Public Officers Law § 89 [2] [a]).

We have considered the appellant's remaining contentions and find them to be without merit. Santucci, J. P., Joy, Florio and McGinity, JJ., concur.