Matter of LTTR Home Care, LLC v City of Mount Vernon (2020 NY Slip Op 00275)





Matter of LTTR Home Care, LLC v City of Mount Vernon


2020 NY Slip Op 00275


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-06098
 (Index No. 50969/18)

[*1]In the Matter of LTTR Home Care, LLC, et al., petitioners-respondents, 
v
City of Mount Vernon, appellant, et al., respondent.


Lauren P. Raysor, Corporation Counsel, Mount Vernon, NY, for appellant.
Zarin & Steinmetz, White Plains, NY (Helen C. Mauch and Matthew J. Acocella of counsel), petitioner-respondent pro se and for petitioners-respondents LTTR Home Care, LLC, and Alan Landauer.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the City of Mount Vernon appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated April 19, 2018. The judgment, insofar as appealed from, granted that branch of the petition which was for an award of attorney's fees and litigation costs against the City of Mount Vernon.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On October 11, 2017, the petitioners sent requests for certain records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the City of Mount Vernon and the Mount Vernon Industrial Development Agency (hereinafter MVIDA). While MVIDA responded that it intended to grant the petitioners' FOIL request, but was still conducting its search for records responsive to the request, the City failed to respond to the FOIL request. In a letter dated November 30, 2017, the petitioners appealed the City's "denial of access to the requested records," and the City again failed to respond.
On January 19, 2018, the petitioners commenced this proceeding pursuant to CPLR article 78 to compel the production of the requested records and for an award of attorney's fees and litigation costs pursuant to Public Officers Law § 89(4)(c). In opposition to the petition, the City argued, inter alia, that it had forwarded the FOIL request it received to MVIDA for disposition because the request sought records held by MVIDA, and thus, MVIDA was the appropriate agency to respond to the request.
In a judgment dated April 19, 2018, the Supreme Court, inter alia, granted that branch of the petition which was to compel the City to produce the requested records, directing it to comply with the FOIL request within 45 days, and granted that branch of the petition which was for an award of attorney's fees and litigation costs against the City. The City appeals from so much of the judgment as granted that branch of the petition which was for an award of attorney's fees and [*2]litigation costs against it.
"In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL,' the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060 [citation and internal quotation marks omitted], quoting Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338; see Public Officers Law § 89[4][c]). Under Public Officers Law § 89(4)(c)(i), "[t]he court . . . may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time." "If the statutory requirements have been satisfied, the determination of whether to award fees rests within the [Supreme Court's] discretion" (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79). A petitioner has "substantially prevailed" within the meaning of the statute when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure (see id. at 79; Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d 929, 930-931).
The statutory time to respond to a FOIL request for records is "within five business days of the receipt of a written request," and the agency should respond by "mak[ing] such record available to the person requesting it, deny[ing] such request in writing or furnish[ing] a written acknowledgment of the receipt of such request and a statement of the approximate date . . . when such request will be granted or denied" (Public Officers Law § 89[3][a]). For appeals from the denial of access to requested records, the agency "shall within ten business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought" (Public Officers Law § 89[4][a]).
Here, the petitioners have "substantially prevailed" in the proceeding because the Supreme Court directed the City to comply with the FOIL request within 45 days from the date of the judgment appealed from (see Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d at 930-931). Further, the City failed to respond to the FOIL request within 5 business days of receiving it through email on October 11, 2017, and failed to respond to the FOIL appeal within 10 business days of receiving it on November 30, 2017. Despite the City's assertion that it delegated its responsibility to respond to the request to MVIDA, the petitioners also sent a FOIL request to MVIDA, and there is no indication in MVIDA's responses to the petitioners that it was responding on behalf of the City.
Contrary to the City's contention, in 2006, the Legislature removed the requirement under Public Officers Law § 89(4)(c) for an award of attorney's fees and litigation costs that "the record involved was, in fact, of clearly significant interest to the general public" (2006 McKinney's Session Law News of NY, Ch 492 [S. 7011-A] [Aug. 2006]).
Further, contrary to the City's contention, although the petitioner Zarin & Steinmetz is a law firm, its self-representation does not preclude an award of attorney's fees under Public Officers Law § 89(4)(c) (see Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834; cf. Matter of Leeds v Burns, 205 AD2d 540, 540).
The City's remaining contention is academic in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the petition which was for an award of attorney's fees and litigation costs against the City.
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court