Matter of McDevitt v Suffolk County (2020 NY Slip Op 02927)





Matter of McDevitt v Suffolk County


2020 NY Slip Op 02927


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-06539
 (Index No. 10622/16)

[*1]In the Matter of Michael W. McDevitt, appellant,
v
Suffolk County, et al., respondents.


Cory H. Morris, Dix Hills, NY, for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Michael J. Petre of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated May 5, 2017. The order, inter alia, denied that branch of the petition which was to compel the production of certain specified records of the Suffolk County Police Department and, in effect, denied that branch of the petition which was for an award of attorney's fees and litigation costs.
ORDERED that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
The petitioner sent requests pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Suffolk County District Attorney, the Suffolk County Attorney, and the Suffolk County Police Department (hereinafter SCPD) seeking disclosure of records related to the arrest in April 2014 of the petitioner and two nonparties. The SCPD denied
the petitioner's requests on the ground that the records related to the petitioner's arrest were sealed pursuant to CPL 160.50. The SCPD's response did not address the petitioner's requests for records related to the arrest of the nonparties. Those records were subsequently sealed pursuant to CPL 160.50.
After an unsuccessful administrative appeal, the petitioner commenced this CPLR article 78 proceeding (see Public Officers Law § 89[4][b]) seeking disclosure of the requested records, as well as attorney's fees and litigation costs (see Public Officers Law § 89[4][c]). By order dated May 5, 2017, the Supreme Court, inter alia, denied that branch of the petition which was to compel production of the SCPD records and, in effect, denied the petitioner's application for attorney's fees and litigation costs. The petitioner appeals.
We agree with Supreme Court's determination that the branch of the petition which was to compel production of the records regarding the petitioner's arrest was rendered academic by [*2]the respondents' post-commencement disclosure of those documents (see Matter of Cobado v Benziger, 163 AD3d 1103, 1105; Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 897). We also agree with the Supreme Court's determination that the records relating to the nonparties are exempt from FOIL disclosure because they were sealed pursuant to CPL 160.50 and therefore "are specifically exempted from disclosure" by state statute (Public Officers Law § 87[2][a]; see Matter of Johnson Newspaper Corp. v Stainkamp, 61 NY2d 958, 960-961; Matter of Leibowitz v Safir, 251 AD2d 581, 582). Moreover, those records may also be deemed exempt from public disclosure as "unwarranted invasions of personal privacy" (Public Officers Law § 89[2][a]; see Matter of Leibowitz v Safir, 251 AD2d at 582).
Contrary to the petitioner's contention, he is not entitled to an award of attorney's fees and litigation costs. A court shall award attorney's fees and other litigation costs to a petitioner in conjunction with a FOIL request where the petitioner has substantially prevailed and the agency "had no reasonable basis for denying access," and may make such an award where the petitioner has substantially prevailed and the agency "failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89[4][c]). A petitioner has "substantially prevailed" within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79; Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d 929, 930-931). Here, the petitioner did not "substantially prevail" because, although the records relating to his arrest were produced, they were produced in accordance with an unsealing order and not as a result of this CPLR article 78 proceeding or a voluntary change in position by the respondents.
In light of the foregoing, the parties' remaining contentions need not be addressed.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court