Matter of Edmond v Suffolk County (2021 NY Slip Op 05121)





Matter of Edmond v Suffolk County


2021 NY Slip Op 05121


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2018-02973
 (Index No. 9081/16)

[*1]In the Matter of David Edmond, et al., appellants,
v
Suffolk County, et al., respondents.


Cory H. Morris, Dix Hills, NY, for appellants.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated December 5, 2017. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was for an award of attorney's fees and litigation costs, and substituting therefor a provision reinstating and granting that branch of the petition; as so modified, the judgment is affirmed, with costs to the petitioners, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioners and the entry of an appropriate amended judgment thereafter.
In September 2016, the petitioners commenced this proceeding pursuant to CPLR article 78 against the respondents, Suffolk County and the Suffolk County Police Department (hereinafter the County Police), to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) and for an award of attorney's fees and litigation costs.
According to the petition, in February 2016, the petitioners sent a request pursuant to FOIL to the respondents seeking disclosure of certain records related to an investigation by the County Police into a criminal complaint filed by the petitioners. The FOIL request consisted of 31 enumerated requests, denominated "a" through "ee," for information and records. Although the petitioners' request for records was granted in part and denied in part, no indication was provided to the petitioners as to which enumerated request was granted or denied, in whole or in part. After the petitioners submitted an administrative appeal in April 2016, a FOIL appeals officer with the County Attorney's office (hereinafter the FOIL officer) notified them that she was conducting an investigation into the matter and thereafter, at the end of June 2016, turned over certain additional documents. The response by the FOIL officer attached redacted copies of notes by police officers and set forth reasons as to why other documents and information were not disclosed, but did not [*2]respond specifically to the enumerated FOIL requests of the petitioners. Instead, the response indicated that recordings of certain calls to the 911 emergency number were excepted from disclosure pursuant to Public Officers Law § 87(2)(a) and County Law § 308(4), and that certain records were redacted pursuant to Public Officers Law § 87(2)(b) and (g).
Thereafter, the petitioners commenced this CPLR article 78 proceeding to compel the production of records not turned over in response to the FOIL request, as well as an award of attorney's fees and litigation costs. In opposition to the petition, the respondents submitted, among other things, additional records responsive to the petitioners' FOIL request, and set forth a delineated response to each enumerated FOIL request and asserted, among other things, that the petitioners received substantially all of the records that were originally requested. Thereafter, the Supreme Court directed the respondents to provide the case file at issue to the court for an in camera review. In a judgment dated December 5, 2017, the court, inter alia, denied, as academic, that branch of the petition which sought disclosure of certain records, denied that branch of the petition which was for an award of attorney's fees and litigation costs, and, in effect, dismissed the proceeding. The petitioners appeal.
The Supreme Court properly denied, as academic, that branch of the petition which sought production of certain documents responsive to the FOIL request. "Where a petitioner receives an adequate response to a FOIL request during the pendency of his or her CPLR article 78 proceeding, the proceeding should be dismissed as moot because a determination will not affect the rights of the parties" (Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044; see Matter of McDevitt v Suffolk County, 183 AD3d 826, 827). Here, the record supports the respondents' contention that the petitioners now have received all records responsive to their FOIL request, not properly withheld, through the respondents' disclosure and as discovery responses in an action commenced by the petitioners in federal court (see e.g. Matter of Kohler-Hausmann v New York City Police Dept., 133 AD3d 437, 437-438).
However, the Supreme Court should have granted that branch of the petition which was for an award of reasonable attorney's fees and litigation costs. "In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060 [internal quotation marks and citations omitted]; see Public Officers Law § 89[4][c]; Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d 798, 799). Thus, "[t]he court . . . may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89[4][c][i]). "A petitioner has 'substantially prevailed' within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of McDevitt v Suffolk County, 183 AD3d at 828, quoting Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79).
As an initial matter, the respondents did not timely determine the petitioner's FOIL appeal within 10 business days of receiving it in accordance with Public Officers Law § 89(4)(a) (see Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d at 800). Instead, the response, which was not complete, was provided more than two months after the petitioners filed that administrative appeal. Further, the respondents did not provide a "particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566) in response to each enumerated FOIL request until they submitted their opposition to the petition (see e.g. Matter of DJL Rest. Corp. v Department of Bldgs. of City of N.Y., 273 AD2d 167, 168-169). Moreover, the respondents provided additional documents responsive to the FOIL request in their opposition papers. Thus, the petitioners were the "substantially prevail[ing]" parties (see Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d at 800; Matter of South Shore Press, Inc. v Havermeyer, 136 AD3d 929, 930-931).
Accordingly, under the circumstances here, the Supreme Court should have granted that branch of the petition which was for an award of attorney's fees and litigation costs (see Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 897).
The parties' remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioners, and the entry of an appropriate amended judgment thereafter.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court