Matter of Fehring v Suffolk County (2023 NY Slip Op 03462)

Matter of Fehring v Suffolk County

2023 NY Slip Op 03462

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-04560
 (Index No. 3823/19)

[*1]In the Matter of Robert Fehring, appellant, 
v
Suffolk County, et al., respondents.

Cory H. Morris, Melville, NY, for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees, the petitioner appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated February 5, 2020. The order, in effect, granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) to dismiss so much of the petition as was for an award of attorneys' fees.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In July 2019, the petitioner commenced this CPLR article 78 proceeding against the respondents Suffolk County, Suffolk County Police Department, and Records Access Officer Janine Keleghan (hereinafter collectively the respondents), inter alia, seeking to compel production of certain records and for an award of attorneys' fees. The petitioner alleged, inter alia, that the respondents failed to timely respond to his request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) and to his administrative appeal from the respondents' alleged constructive denial of his request. The respondents moved pursuant to CPLR 3211(a) to dismiss the petition on the ground that the petitioner failed to exhaust his administrative remedies. The petitioner opposed. In an order dated February 5, 2020, the Supreme Court, in effect, granted that branch of the respondents' motion which was to dismiss so much of the petition as was for an award of attorneys' fees. The petitioner appeals.
The Supreme Court properly, in effect, granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) to dismiss so much of the petition as was for an award of attorneys' fees. "The award of attorney's fees is intended to 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL'" (Matter of Acme Bus Corp. v County of Suffolk, [*2]136 AD3d 896, 898, quoting Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [internal quotation marks omitted]). A determination on the merits of the petitioner's request for an award of attorneys' fees would have necessitated, inter alia, a finding as to whether the petitioner "substantially prevailed" in this CPLR article 78 proceeding (Public Officers Law § 89[4][c]). However, this proceeding, in effect, had been dismissed for failure to exhaust administrative remedies—an issue which is not properly before this Court. Under those circumstances, the court properly declined to consider the petitioner's request for attorneys' fees and, in effect, granted that branch of the respondents' motion which was to dismiss so much of the petition as was for am award of attorneys' fees (cf. Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1014; Matter of Edmond v Suffolk County, 197 AD3d 1297, 1300).
In view of the foregoing, the petitioner's remaining contentions are either without merit or not properly before this Court.
Accordingly, we affirm the order appealed from.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court