Matter of Meyer v Nassau County Police Dept. (2025 NY Slip Op 00660)

Matter of Meyer v Nassau County Police Dept.

2025 NY Slip Op 00660

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-00555
 (Index No. 608922/22)

[*1]In the Matter of Howard Jay Meyer, appellant,
v
Nassau County Police Department, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered January 10, 2023. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the petition on the merits.
On December 16, 2021, the petitioner submitted a request to the Nassau County Police Department (hereinafter NCPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the disclosure of certain records. On the same date, the NCPD denied the petitioner's FOIL request in its entirety. The NCPD does not dispute that the petitioner thereafter filed an administrative appeal. On March 8, 2022, the NCPD sent the petitioner an email with an attached letter and certain documents.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the NCPD, inter alia, to compel disclosure of records responsive to the petitioner's FOIL request and for an award of attorneys' fees and litigation costs. The NCPD answered the petition and submitted an attorney's affidavit in opposition, arguing, among other things, that the petitioner had not exhausted his administrative remedies because the petitioner failed to produce a copy of a final determination from the NCPD. In a judgment entered January 10, 2023, the Supreme Court denied the petition based upon the petitioner's failure to exhaust his administrative remedies and, in effect, dismissed the proceeding. The petitioner appeals.
A petitioner may commence a CPLR article 78 proceeding seeking review of an administrative determination "only after the determination has become final and binding" (Matter of Surton Constr. Contr. Corp. v New York City School Constr. Auth., 81 AD3d 654, 655). "An administrative determination becomes final and binding when two requirements are met: completeness (finality) of the determination and exhaustion of administrative remedies" (Matter of Village of Kiryas Joel v County of Orange, 181 AD3d 681, 685 [internal quotation marks omitted]). "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete [*2]injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). Where there has not been a final determination, the challenge is premature and it is appropriate to dismiss the petition on the basis that there was a failure to exhaust administrative remedies (see Matter of Lewis Homes of N.Y., Inc. v Board of Site Plan Review of the Town of Smithtown, 212 AD3d 727). However, "[t]he general rule requiring a party to exhaust administrative remedies before seeking judicial review of an agency's determination need not be followed . . . when resort to an administrative remedy would be futile" (Matter of Friedman v Rice, 30 NY3d 461, 473 [internal quotation marks omitted]; see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; Matter of Kaneev v City of New York Envtl. Control Bd., 149 AD3d 742, 743; Matter of Clavin v Mitchell, 131 AD3d 612, 614).
Here, the Supreme Court improperly denied the petition on the basis that the petitioner had failed to exhaust his administrative remedies. The petition alleged that the petitioner had appealed the NCPD's original determination and that, in response, he received an email with an attached letter from the NCPD on March 8, 2022, which constituted the NCPD's final determination. As the NCPD's time to respond to the petitioner's appeal had expired and as this was its final response, the court should have determined that the petitioner had, in fact, exhausted his administrative remedies (see Matter of Edmond v Suffolk County, 197 AD3d 1297, 1299-1300; Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d 798, 800).
Since the petition was denied based on the petitioner's purported failure to exhaust his administrative remedies, we remit this matter to the Supreme Court, Nassau County, for a determination of the petition on the merits, including as to the petitioner's entitlement to attorneys' fees and litigation costs (see Matter of Law Offs. of Cory H. Morris v Suffolk County, 221 AD3d 900, 902; Matter of Veteri v Zoning Bd. of Appeals of the Town of Kent, 202 AD3d 975, 980; Matter of Madden v Village of Tuxedo Park, 192 AD3d 802, 805).
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court