Matter of DeStefano v Dutchess County Sheriff's Off. (2025 NY Slip Op 07303)

Matter of DeStefano v Dutchess County Sheriff's Off.

2025 NY Slip Op 07303

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-09222
 (Index No. 52863/22)

[*1]In the Matter of Andrew DeStefano, appellant,
vDutchess County Sheriff's Office, et al., respondents.

Cory H. Morris, Melville, NY (Guercio & Guercio, LLP [Anthony J. Fasano], of counsel), for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Christian R. Cullen of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated October 31, 2022. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the respondents' motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss that branch of the petition which was for an award of attorneys' fees and litigation costs, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed, with costs to the petitioner, that branch of the petition which was for an award of attorneys' fees and litigation costs is reinstated, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.
On September 6, 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the respondents, the Dutchess County Sheriff's Office (hereinafter the Sheriff's Office) and Dutchess County, to produce certain records pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs. The petition alleged that the Sheriff's Office failed to respond to the petitioner's FOIL request, constituting a constructive denial, and failed to respond to his administrative appeal of the denial.
Thereafter, the respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In support of the motion, the respondents submitted, inter alia, an email dated June 7, 2022, which they asserted had been sent by the Sheriff's Office to the petitioner and fulfilled the petitioner's FOIL request. In opposition to the motion, the petitioner submitted an affidavit in which he averred that he searched his records and found no written or email correspondence from the respondents related to his FOIL request. In an order and judgment dated October 31, 2022, the Supreme Court granted the respondents' motion and dismissed the proceeding. The petitioner appeals.
The Supreme Court did not err in granting that the branch of the respondents' motion which was to dismiss that branch of the petition which was to compel the production of the subject records. In particular, that branch of the petition was rendered academic by the respondents' disclosure of those records (see Matter of Rosasco v St. James Fire Dist., 200 AD3d 692, 693; Matter of Edmond v Suffolk County, 197 AD3d 1297, 1298). Contrary to the petitioner's contention, with respect to that branch of the petition, it is not relevant whether the disclosure occurred before or after the commencement of this proceeding.
However, the Supreme Court erred in granting that the branch of the respondents' motion which was to dismiss that branch of petition which was for an award of attorneys' fees and litigation costs pursuant to Public Officers Law § 89(4)(c). "In order to create a clear deterrent to unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Edmond v Suffolk County, 197 AD3d at 1299 [alteration and internal quotation marks omitted]). Thus, a court "'may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of' Public Officers Law § 89 'in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time'" (id., quoting Public Officers Law § 89[4][c][i]).
Here, the respondents failed to eliminate triable issues of fact relevant to that branch of the petition which was for an award of attorneys' fees and litigation costs, including whether the Sheriff's Office failed to respond to the petitioner's FOIL request or appeal within the statutory time (see Matter of Weslowski v Vanderhoef, 98 AD3d 1123, 1131). Copies of emails allegedly sent to the petitioner, which the respondents relied upon to demonstrate that the Sheriff's Office timely responded to the petitioner's FOIL request, did not constitute documentary evidence (see Goldin Real Estate, LLC v Shukla, 227 AD3d 674, 676-677). Accordingly, we reinstate that branch of the petition which was for an award of attorneys' fees and litigation costs and remit the matter to the Supreme Court, Dutchess County, for further proceedings in accordance herewith, including, if necessary, a hearing (see CPLR 7804[h]).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
BARROS, J.P., IANNACCI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court