■ In the Matter of ROBERT E. FISCHER, Appellant, v CITY OF BINGHAMTON et al., Respondents. [766 NYS2d 393] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered September 10, 2002 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to

CPLR article 78, to, inter alia, review a determination of respondent City Court of the City of Binghamton dismissing a traffic ticket.

After being issued a parking ticket on October 25, 2001 in the City of Binghamton, Broome County, alleging that his parked vehicle obstructed traffic in contravention of the City's traffic code, petitioner pleaded not guilty and was directed to appear before the Administrative Traffic Board. During that appearance, the Hearing Officer reviewed a police accident report alleging that petitioner parked his car so close to another vehicle that the driver could not safely maneuver out of the parking space and caused damage to both vehicles. The report further noted that unclear markings delineated the parking spaces. The Hearing Officer recommended dismissal of the ticket and, on the same day, respondent City Court of the City of Binghamton dismissed the ticket. Petitioner opposed the dismissal absent a full hearing and, subsequently, commenced this CPLR article 78 proceeding seeking, among other things, an annulment of City Court's dismissal and an order compelling respondent City of Binghamton and its Administrative Traffic Board to conduct a hearing. Supreme Court dismissed the petition,* prompting this appeal.

Inasmuch as the parking ticket at issue was dismissed by City Court, petitioner cannot be considered aggrieved by an adverse determination and, therefore, lacked standing to initiate this CPLR article 78 proceeding (see *Mahoney v Pataki,* 98 NY2d 45, 52 [2002]; *Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773 [1991]; *Matter of Spaziani v City of Oneonta,* 302 AD2d 846, 847 [2003]; *Matter of Kelly v New York State Ethics Commn.,* 229 AD2d 848, 849 [1996]). Under the particular circumstances herein, therefore, we find that the proceeding was properly dismissed.

We note that petitioner claims that this proceeding was properly initiated because the Binghamton Traffic Violations Bureau has exclusive jurisdiction to dispose of parking violation charges and City Court exceeded its authority when dismissing the ticket. However, the relevant City of Binghamton ordinance clearly states that creation of the Traffic Violations Bureau was for the purpose of assisting City Court and was authorized pursuant to General Municipal Law § 370, which provides that "[t]he legislative body of a city * * * may by ordinance or local law authorize the court having jurisdiction of traffic cases to establish a traffic violations bureau *to as-*

---

* Supreme Court also denied petitioner's subsequent motion for reargument.

*sist the court* in the disposition of infractions" (General Municipal Law § 370 [1] [emphasis added]). The fact that "[a] traffic violations bureau so established *may* be authorized to dispose of [traffic] violations" (General Municipal Law § 371 [1] [emphasis added]) does not support petitioner's claim that the creation of the Traffic Violations Bureau divested City Court of its authority to dispose of a parking violation ticket.

Petitioner's remaining arguments have been examined and are either lacking in merit or rendered academic in light of the above conclusions.

Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

