Matter of 3965 Amboy Rd., Inc. v Limandri (2020 NY Slip Op 00408)





Matter of 3965 Amboy Rd., Inc. v Limandri


2020 NY Slip Op 00408


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-01316
 (Index No. 80197/15)

[*1]In the Matter of 3965 Amboy Road, Inc., appellant,
v
Robert Limandri, etc., et al., respondents.


Wenig Saltiel LLP, Brooklyn, NY (Marvin Ben-Aron of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron Bloom and Yasmin Zainulbhai of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Environmental Control Board dated August 7, 2015, the petitioner appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated November 22, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order and judgment (one paper) of the same court dated June 6, 2017, granting the respondents' cross motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition and dismissing the proceeding.
ORDERED that the order dated November 22, 2017, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order and judgment dated June 6, 2017, granting the respondents' cross motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition and dismissing the proceeding is vacated, the petition is reinstated, and the respondents' cross motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition is denied.
By notice of petition dated December 4, 2015, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the City of New York Environmental Control Board (hereinafter the ECB) dated August 7, 2015. The determination denied the petitioner's application to vacate a stipulation of settlement that was entered into by the petitioner's landlord in connection with a violation proceeding that had been commenced against the landlord. The petitioner contended that it was the net lessee of the subject premises, that it had standing to contest the underlying violation, and that the stipulation of settlement was entered into under a mistake of fact. The petition alleged that the determination of the ECB to deny its application to vacate the stipulation of settlement was arbitrary and capricious.
As relevant here, the respondents cross-moved pursuant to CPLR 7804(f) and 3211(a) to dismiss the petition. The respondents contended that the petitioner did not have standing to commence this proceeding and that the proceeding was time-barred. In an order and judgment dated June 6, 2017, the Supreme Court granted the respondents' cross motion to dismiss the petition and dismissed the proceeding. The petitioner subsequently moved, inter alia, for leave to reargue its opposition to the respondents' cross motion to dismiss the petition. In an order dated November 22, 2017, the Supreme Court, among other things, granted the petitioner leave to reargue and, upon reargument, adhered to its prior determination in the order and judgment dated June 6, 2017. The [*2]petitioner appeals from the order dated November 22, 2017.
Generally, a proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). Here, the petition sought review of the determination of the ECB which was dated August 7, 2015, and which denied the petitioner's application to vacate a stipulation of settlement. It is uncontested that this proceeding was commenced on December 4, 2015. Since the proceeding was commenced within four months of the determination, it was timely. Under these circumstances, the Supreme Court, upon reargument, should have denied that branch of the respondents' cross motion which was to dismiss the petition as time-barred.
The respondents contend, as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545), that the petitioner lacked standing to commence this proceeding and that dismissal was warranted on that basis. The Supreme Court did not reach this branch of the respondents' cross motion because it based its determination on that branch of the cross motion which sought to dismiss the petition as time-barred.
The Court of Appeals has stated that principles of standing "must preserve access to the courts for those who have been wrongly injured by administrative action (or inaction) directly flowing from statutory authority" (Mahoney v Pataki, 98 NY2d 45, 52; see generally 6 NY Jur 2d, Article 78 and Related Proceedings § 231 [Nov. 2019 Update]). Accordingly, "[t]he person aggrieved by an administrative determination is a proper person to seek its review" (24 Carmody-Wait 2d § 145:253 [Nov. 2019 Update]; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412-413; Matter of Douglaston Civic Assn. v Galvin, 36 NY2d 1, 5-6; Matter of Burns Pharm. of Rensselaer v Conley, 146 AD2d 842, 843; accord Fischer v City of Binghamton, 309 AD2d 1111, 1112). Generally, "a person is aggrieved when he or she asks for relief but that relief is denied in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156).
Here, the petitioner sought relief from the ECB in its application to vacate the stipulation of settlement. That relief was denied in the determination dated August 7, 2015. This proceeding was subsequently commenced to review that determination. Since the petitioner was aggrieved by the administrative determination that is the subject of this proceeding (see Mixon v TBV, Inc., 76 AD3d at 156-157), it has standing to challenge that determination (see generally Mahoney v Pataki, 98 NY2d at 52; Matter of Douglaston Civic Assn. v Galvin, 36 NY2d at 5-6; cf. Fischer v City of Binghamton, 309 AD2d at 1112). Accordingly, contrary to the respondents' contention, they were not entitled to dismissal of the petition on the alternative ground that the petitioner lacked standing to commence this proceeding.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court