Matter of Law Offs. of Cory H. Morris v County of Nassau (2020 NY Slip Op 03513)





Matter of Law Offs. of Cory H. Morris v County of Nassau


2020 NY Slip Op 03513


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01805
2019-10142
 (Index No. 2591/15)

[*1]In the Matter of Law Offices of Cory H. Morris, etc., respondent-appellant, 
v
County of Nassau, et al., appellants-respondents.


Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel), for appellants-respondents.
Law Office of Cory H. Morris, Melville, NY (Victor John Yannacone, Jr., of counsel), respondent-appellant pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), (1) the County of Nassau and the Nassau County Traffic and Parking Violations Agency appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered December 20, 2018, and (2) the County of Nassau and the Nassau County Traffic and Parking Violations Agency appeal, and the petitioner cross-appeals, from an order of the same court (Diccia T. Pineda-Kirwan, J.) entered May 30, 2019. The order entered December 20, 2018, granted the petitioner's motion for an award of attorney's fees. The order entered May 30, 2019, upon the order entered December 20, 2018, after a hearing, awarded the petitioner attorney's fees in the sum of $30,773.75.
ORDERED that the order entered December 20, 2018, is reversed, on the law, without costs or disbursements, the petitioner's motion for an award of attorney's fees is denied, and the order entered May 30, 2019, is vacated; and it is further,
ORDERED that the appeal and the cross-appeal from the order entered May 30, 2019, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered December 20, 2018.
The petitioner made a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain records pertaining to the County of Nassau's photo speed monitoring system. After its request was denied, the petitioner pursued an administrative appeal, which was successful, in part, and unsuccessful, in part. The appeals officer declined to order the production of records held by the Nassau County Traffic and Parking Violations Agency (hereinafter the TPVA) on the ground that the TPVA is part of the judiciary and, thus, its records are not the records of an "agency" as defined in Public Officers Law § 86(3).
The petitioner then commenced this proceeding pursuant to CPLR article 78, inter [*2]alia, to compel the production of records held by the TPVA. The Supreme Court denied that branch of the petition and dismissed that portion of the proceeding. The court held that the TPVA was part of the "judiciary" and therefore "expressly exempt" from FOIL, relying on Matter of Dolce v Nassau County Traffic & Parking Violations Agency (7 NY3d 492, 498), in which the Court of Appeals stated that for purposes of jurisdiction over certain matters, the TPVA is "an arm of the District Court." On a prior appeal, this Court determined that the Supreme Court erred "in holding that the TPVA is entirely judicial and thus not subject to FOIL at all," noting that "[t]he Court of Appeals expressly recognized in Matter of Dolce v Nassau County Traffic & Parking Violations Agency that the TPVA is a hybrid agency that exercises both prosecutorial and adjudicatory responsibilities,' and that the prosecutorial function is distinct from the adjudicatory function' (id. at 498)" (Matter of Offs. of Cory H. Morris v County of Nassau, 158 AD3d 630, 632). The matter was remitted to the Supreme Court, Nassau County, for an in camera examination of the TPVA documents requested by the petitioner, and a new determination as to whether such records were exempt from disclosure as records of the judiciary and whether the petitioner may be entitled to an attorney's fee (id. at 632).
Upon remittal, the Supreme Court conducted an in camera inspection of the documents at issue, and directed that the requested records be turned over to the petitioner. The petitioner then moved for an award of reasonable attorney's fees. By order entered December 20, 2018, the court granted the petitioner's motion for an award of attorney's fees and directed that a hearing be held to determine the sum of the attorney's fee award. After a hearing, in an order entered May 30, 2019, the court awarded the petitioner attorney's fees in the sum of $30,773.75. The TPVA and the County of Nassau appeal from both orders. The petitioner cross-appeals from the order entered May 30, 2019.
In order to create a clear deterrent to unreasonable delays and denials of access and thus, encourage government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of attorney's fees and other litigation costs in FOIL proceedings (see Public Officers Law § 89[4][c]; Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060; Matter of S. Shore Press, Inc. v Havemeyer, 136 AD3d 929, 931; Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338). Public Officers Law § 89(4)(c)(ii), provides, as relevant herein, that the court, in a proceeding to review the denial of a FOIL request, "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access." An agency may be found to have had a reasonable basis for initially denying access, even in cases where documents are ultimately required to be disclosed (see Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Thruway Auth., 173 AD3d 1526; Matter of Norton v Town of Islip, 17 AD3d 468).
We disagree with the Supreme Court's determination to grant the petitioner's motion for an award of attorney's fees. Here, the petitioner "substantially prevailed" in the proceeding, inasmuch as the petitioner eventually received the documents sought from the TPVA (see Public Officers Law § 89[4][c]; Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896). However, the TPVA had a reasonable basis for denying the petitioner's request for its records based on its reliance upon the Court of Appeals' statement that "the TPVA was intended to be an arm of the District Court" (Matter of Dolce v Nassau County Traffic & Parking Violations Agency, 7 NY3d at 495), and FOIL's express exclusion of "judiciary" from its definition of "agency" (Public Officers Law § 86[1], [3]). Although it was ultimately determined that TPVA records concerning its nonadjudicatory responsibilities are not exempt from disclosure pursuant to the Public Officers Law, it remains that TPVA had a reasonable basis in law for withholding the requested materials (see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195; Matter of Norton v Town of Islip, 17 AD3d at 470). Accordingly, the petitioner's motion should have been denied.
In light of our determination, we need not address the parties' remaining contentions.
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.

2019-01805 DECISION & ORDER ON MOTION
2019-10142
In the Matter of Law Offices of Cory H. Morris, etc.,
respondent-appellant, v County of Nassau, et al.,
appellants-respondents.
(Index No. 2591/15)

Motion by the respondent-appellant on an appeal from an order of the Supreme Court, Nassau County, entered December 20, 2018, and an appeal and cross appeal from an order of the same court entered May 30, 2019, to dismiss the appeal from the order entered December 20, 2018, on the ground that it has been rendered academic. By decision and order on motion of this Court dated December 30, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the submission of the appeal and cross appeal, it is
ORDERED that the motion is denied.
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court