Matter of Ateres Bais Yaakov Academy of Rockland v Town of Clarkstown (2023 NY Slip Op 03692)

Matter of Ateres Bais Yaakov Academy of Rockland v Town of Clarkstown

2023 NY Slip Op 03692

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-00434 
2020-04944
 (Index No. 34514/19)

[*1]In the Matter of Ateres Bais Yaakov Academy of Rockland, appellant, 
v
Town of Clarkstown, et al., respondents.

Weil, Gotshal & Manges LLP, New York, NY (Josh Halpern, Yehudah L. Buchweitz, Robert G. Sugarman, David Yolkut, Kaela Dahan, and Michael Nagelberg of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY (Lalit K. Looma, John M. Flannery, and Eliza Scheibel of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, and action for declaratory relief, the petitioner/plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated December 23, 2019, and (2) a judgment of the same court dated May 13, 2020. The order, insofar as appealed from, granted that branch of the motion of the Town of Clarkstown, the Town of Clarkstown Zoning Board of Appeals, and the Town of Clarkstown Building Department which was to dismiss the first through third causes of action of the petition/complaint. The judgment, insofar as appealed from, denied that branch of the petition/complaint which was for an award of attorneys' fees and litigation costs and, in effect, dismissed the first through third causes of action of the petition/complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition/complaint which was for an award of attorneys' fees and litigation costs, and substituting therefor a provision granting that branch of the petition/complaint; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the amount of an award of reasonable attorneys' fees and litigation costs to the petitioner/plaintiff and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the petitioner/plaintiff.
The appeal from the intermediate order must be dismissed, since an intermediate order made in a CPLR article 78 proceeding is not appealable as of right (see CPLR 5701[b][1]), and any possibility of taking a direct appeal therefrom terminated with the entry of the judgment in the [*2]proceeding/action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Ateres Bais Yaakov Academy of Rockland (hereinafter the petitioner) is a New York State chartered education corporation providing both secular and Jewish religious instruction to girls in grades pre-K through 12. In October 2018, the petitioner entered into a contract to purchase certain real property in the Town of Clarkstown to use as a house of worship and a school (hereinafter the property). The petitioner thereafter submitted an application to the Town of Clarkstown Building Department (hereinafter the Building Department) for a building permit to conduct certain repairs. The Building Inspector of the Town of Clarkstown (hereinafter the Building Inspector) denied the application, finding that a variance was required for a school of general instruction, since the property did not have the minimum frontage, and access to a state or county major or secondary road, required for nonresidential uses in residential districts under the Zoning Local Law of the Town of Clarkstown chapter 290, and the use had been discontinued for more than one year.
The petitioner appealed the determination (hereinafter the permit appeal) to the Town of Clarkstown Zoning Board of Appeals (hereinafter the ZBA), and alternatively sought a variance. On May 16, 2019, the petitioner failed to appear at the scheduled closing for the property, and the seller terminated the contract and revoked its consent for any land use applications related to the property. The ZBA thereafter declined to entertain the petitioner's permit appeal on the ground that the owner's consent had been revoked.
The petitioner filed a Freedom of Information Law (Public Officers Law article 6; hereinafter FOIL) request with the Town, seeking all records relating to the purchase and sale of the property, including records of communications between the Town and any other party. The Town responded that records of such communications did not exist. The petitioner appealed the denial of access (hereinafter the FOIL appeal).
After the Supervisor of the Town failed to respond to the FOIL appeal within the requisite 10 days (see Public Officers Law § 89[4][a]), the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and Public Officers Law article 6, and action for declaratory relief against the Town, the ZBA, and the Building Department (hereinafter collectively the respondents). The first two causes of action sought to compel the ZBA to hear the petitioner's permit appeal or variance application, and to determine that a variance was not required or to grant the application for a variance. The third cause of action sought declaratory relief against the Building Inspector and to annul the Building Inspector's denial of the building permit. The fourth cause of action sought to compel the Town to produce all disclosable records responsive to the FOIL demand and also sought an award of related attorneys' fees and litigation costs.
Thereafter, the respondents moved, inter alia, to dismiss the first through third causes of action for lack of standing. In an order dated December 23, 2019, the Supreme Court, among other things, granted that branch of the motion. The respondents thereafter submitted an answer to the remaining FOIL cause of action. In a judgment dated May 13, 2020, the court, among other things, denied that branch of the petition/complaint which was for an award of attorneys' fees and litigation costs, remitted the matter to the Town to respond to the petitioner's FOIL appeal, and, in effect, dismissed the first through third causes of action in the petition/complaint. The court determined that the Town had failed to timely respond to the FOIL appeal, and also had failed to provide all of the requested documents. The petitioner appeals.
Challenges to zoning determinations may only be made by those "aggrieved" by the determination (Town Law § 267-c[1]; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 412; Matter of 3965 Amboy Rd., Inc. v Limandri, 179 AD3d 910, 912). Generally, "the immediate parties to an administrative proceeding are aggrieved persons who may seek judicial review" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 413; see Matter of Cooke Ctr. for Learning & Dev. [*3]v Mills, 19 AD3d 834, 835). Here, upon the termination of the contract to purchase the property, the petitioner lost its interest in the property, and its authority to pursue the land use applications was revoked. Thus, the petitioner lacked standing to challenge the respondents' actions taken with respect to the property as an immediate party to the administrative proceedings (see Matter of Violet Realty, Inc. v County of Erie, 158 AD3d 1316, 1318; Matter of Madonia v Board of Zoning Appeals of Inc. Vil. of Lindenhurst, 300 AD2d 588, 589).
Further, the petitioner failed to meet the traditional requirements for standing, as it did not suffer an injury-in-fact falling within the zone of interests sought to be protected by the relevant zoning provision (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773-774). The petitioner asserts that the Building Inspector's denial of a building permit, and the ZBA's delay and refusal to hear the permit appeal, caused it to lose its financing, resulting in termination of the contract. However, the petitioner lost its interest in the property prior to the ZBA's refusal to hear the permit appeal. Moreover, zoning laws "are enacted to protect the health, safety and welfare of the community" (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 412). The loss of a contract is not within the zone of interests protected by the zoning provision under which the Building Inspector denied the permit (id. at 415; Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington, 57 AD3d 683, 684; Matter of Long Is. Bus. Aviation Assn., Inc. v Town of Babylon, 29 AD3d 794, 795).
Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was to dismiss the first through third causes of action of the petition/complaint for lack of standing.
"In order to create a clear deterrent to unreasonable delays and denials of access and thus, encourage government to make a good faith effort to comply with the requirements of FOIL, the legislature has provided for the assessment of attorney's fees and other litigation costs in FOIL proceedings" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 184 AD3d 830, 832; see Public Officers Law § 89[4][c]; Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060). Thus, "[t]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (id. § 89[4][c][ii]). "A petitioner has 'substantially prevailed' within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of McDevitt v Suffolk County, 183 AD3d 826, 828; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79).
Here, the petitioner substantially prevailed on its FOIL cause of action, and the Town had no reasonable basis for denying access to the responsive documents. Accordingly, the petitioner was entitled to an award of reasonable attorneys' fees and litigation costs incurred on the FOIL cause of action (see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1014; Matter of Cohen v Alois, 201 AD3d 1104, 1107; Matter of New York Times Co. v City of New York Off. of the Mayor, 194 AD3d 157, 166). The fact that much of the petitioner's representation was undertaken by pro bono counsel did not affect the petitioner's entitlement to reasonable attorneys' fees and litigation costs under the statute (see Blum v Stenson, 465 US 886, 895; Matter of Thomas v Coughlin, 194 AD2d 281, 283; Matter of Humphrey v Gross, 135 AD2d 634, 635; accord Matter of Gedan v Town of Mamaroneck [N.Y.], 170 AD3d 833, 834).
Accordingly, the Supreme Court should have granted that branch of the petition/complaint which was for an award of attorneys' fees and litigation costs on the FOIL cause of action, and we remit the matter to the Supreme Court, Rockland County, for a determination of the amount of an award of reasonable attorneys' fees and litigation costs to the petitioner, and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court