Matter of Puig v City of Middletown (2024 NY Slip Op 04326)

Matter of Puig v City of Middletown

2024 NY Slip Op 04326

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03149
 (Index No. 498/21)

[*1]In the Matter of Kenneth Puig, et al., appellants,
v
City of Middletown, et al., respondents.

Cory H. Morris, Melville, NY, for appellants.
Alex Smith, Middletown, NY, for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioners appeal from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 7, 2021. The judgment, insofar as appealed from, denied that branch of the petition which was for an award of attorney's fees and other litigation costs.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In January 2021, the petitioners commenced this proceeding pursuant to CPLR article 78, inter alia, to compel the respondents to disclose the disciplinary records of all active City of Middletown police officers and for an award of attorney's fees and other litigation costs. The petitioners alleged, inter alia, that, in July 2020, after the repeal of Civil Rights Law former § 50-a, they submitted a Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) request to the respondents seeking copies of "all disciplinary records of any City of Middletown Police Officer who has been disciplined." According to the petition, on September 29, 2020, the respondents denied the request based on their conclusion that the repeal of Civil Rights Law former § 50-a was not retroactive and, thus, Civil Rights Law former § 50-a still applied to prevent disclosure of disciplinary records that were generated prior to the date that it was repealed.
In a judgment dated April 7, 2021 (hereinafter the April 2021 judgment), the Supreme Court determined that the repeal of Civil Rights Law former § 50-a "should be applied retroactively to reach all disciplinary reports, not just those created on or after June 12, 2020," and granted the petition to the extent of directing the respondents to consider the petitioner's FOIL request in light of this determination. However, the court denied that branch of the petition which was for an award of attorney's fees and other litigation costs. The petitioners appeal from so much of the April 2021 judgment as denied that branch of the petition which was for an award of attorney's fees and other litigation costs.
Pursuant to FOIL, government agencies generally must make available for public inspection and copying all records (see Public Officers Law § 87[2]). However, Public Officers Law § 87(2)(a) provides that an agency may deny access to records or portions thereof that "are specifically exempted from disclosure by state or federal statute." Prior to 2020, Civil Rights Law [*2]former § 50-a(1) provided: "All personnel records used to evaluate performance toward continued employment or promotion, under the control of any police agency or department . . . shall be considered confidential and not subject to inspection or review . . . except as may be mandated by lawful court order." However, Civil Rights Law former § 50-a was repealed on June 12, 2020 (see L 2020, ch 96, §§ 1, 5).
With respect to the issue of attorney's fees and costs, Public Officers Law § 89(4)(c)(ii) provides that, in proceedings pursuant to CPLR article 78 to compel disclosure of agency records, the court "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by [the petitioner] in any case . . . in which [the petitioner] has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]). "An agency may be found to have had a reasonable basis for initially denying access, even in cases where documents are ultimately required to be disclosed" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 184 AD3d 830, 832).
Here, although the petitioners substantially prevailed in the proceeding, at the time the respondents made the determination to deny the FOIL request, just three months after the repeal of Civil Rights Law former § 50-a, since no New York court had yet determined whether the repeal of that provision was retroactive or prospective, the respondents asserted a reasonable, albeit erroneous, basis for denying access at that time (see Matter of Niagara Envtl. Action v City of Niagara Falls, 63 NY2d 651, 652; Matter of Rosasco v St. James Fire Dist., 200 AD3d 692, 693).
Accordingly, the Supreme Court properly denied that branch of the petition which was for an award of attorney's fees and other litigation costs.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court