Matter of Gannett Co., Inc. v City of Mount Vernon Police Dept.

2026 NY Slip Op 02267

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Gannett Co., Inc., etc., respondent,

v

City of Mount Vernon Police Department, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-01016, (Index No. 60904/22)

Mark C. Dillon, J.P.

Linda Christopher

Barry E. Warhit

Carl J. Landicino, JJ.

Harris Beach Murtha Cullina PLLC, White Plains, NY (Brian D. Ginsberg, Deana J. DiBenedetto, and Megan Knepka of counsel), for appellants.

Greenberg Traurig, LLP, Albany, NY (Michael J. Grygiel, Kelly L. McNamee, and Christina N. Hernsdorf of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the appeal is from a judgment of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated December 13, 2023. The judgment, insofar as appealed from, granted that branch of the petition which was for an award of attorney's fees and litigation costs.

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

In June 2020, the petitioner, through an entity it had engaged for the purpose of obtaining police department disciplinary records statewide, submitted a request to the respondent City of Mount Vernon Police Department (hereinafter the MVPD) pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) seeking disclosure of certain law enforcement disciplinary records. On May 7, 2021, the petitioner's counsel sent a letter to the MVPD seeking a response to the petitioner's FOIL request (hereinafter the May 7 letter). In a letter dated May 14, 2021, the respondent City of Mount Vernon stated, among other things, that the City's Law Department did not have any record of the petitioner's FOIL request and that it was the City's goal to complete the request within 30 business days from its receipt of the May 7 letter, but "due to the number of requests being processed, [the] request might be completed beyond the date provided." Subsequently, the petitioner's counsel sent an additional letter to the City in November 2021, inter alia, seeking a response to the petitioner's FOIL request. After receiving no response, the petitioner's counsel sent a letter to the City dated January 12, 2022, appealing the constructive denial of the petitioner's FOIL request, and the City again failed to respond.

Thereafter, in May 2022, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the MVPD, the City, Glenn Scott, Marcel Olifiers, and Brian G. Johnson (hereinafter collectively the respondents) to produce the subject records and for an award of [*2]attorney's fees and litigation costs. In a judgment dated December 13, 2023, the Supreme Court granted the petition. The respondents appeal from so much of the judgment as granted that branch of the petition which was for an award of attorney's fees and litigation costs.

"In order to create a clear deterrent to unreasonable delays and denials of access and thus, encourage government to make a good faith effort to comply with the requirements of FOIL, the legislature has provided for the assessment of attorney's fees and other litigation costs in FOIL proceedings" (Matter of Law Offs. of Cory H. Morris v County of Nassau, 184 AD3d 830, 832; see Public Officers Law § 89[4][c]; Matter of Ateres Bais Yaakov Academy of Rockland v Town of Clarkstown, 218 AD3d 462, 465). Thus, the court "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]; see Matter of Tsunis Gasparis, LLP v Stony Brook Fire Dist., 238 AD3d 1059, 1060; Matter of Ateres Bais Yaakov Academy of Rockland v Town of Clarkstown, 218 AD3d at 466). "A petitioner has 'substantially prevailed' within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of Lane v County of Nassau, 221 AD3d 1008, 1011 [internal quotation marks omitted]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1014).

Here, the petitioner substantially prevailed in this proceeding. Moreover, contrary to the respondents' contention, they failed to demonstrate a reasonable basis for denying access to the records requested by the petitioner (see Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 632; Matter of New York Civ. Liberties Union v Nassau County, 228 AD3d 864, 866; cf. Matter of Puig v City of Middletown, 230 AD3d 794, 796).

Accordingly, the Supreme Court properly granted that branch of the petition which was for an award of attorney's fees and litigation costs.

In light of our determination, we need not reach the parties' remaining contentions.

DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court