*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015          520536
_____

In the Matter of PAMELA A.
   MADEIROS,
                     Appellant,

          v                                    MEMORANDUM AND ORDER

NEW YORK STATE EDUCATION
   DEPARTMENT et al.,
                     Respondents.
_____

Calendar Date:  September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____


      Greenberg Traurig, LLP, Albany (Cynthia E. Neidl of
counsel), for appellant.

      Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents.

                    _____


Devine, J.

      Appeal from a judgment of the Supreme Court (Collins, J.),
entered April 16, 2014 in Albany County, which partially
dismissed petitioner's application, in a proceeding pursuant to
CPLR article 78, to review a determination of respondent State
Education Department denying petitioner's Freedom of Information
Law request.

      Municipalities, defined as "count[ies] outside the city of
New York or the city of New York in the case of . . . count[ies]
contained within the city of New York," are charged with the
approved costs of sending resident children to special education
preschool programs (Education Law § 4410 [1] [g]; see Education

Law § 4410 [11] [a]).  A municipality or the Board of Education of the City of New York is empowered to "perform a fiscal audit of such services or programs for which it bears fiscal responsibility in accordance with audit standards established by" respondent Commissioner of Education (Education Law § 4410 [11] [c] [i]).  Respondent New York State Education Department (hereinafter Department) is accordingly directed to "provide guidelines on standards and procedures . . . for fiscal audits of [those] services or programs" (Education Law § 4410 [11] [c] [i], as amended by L 2013, ch 57, part A, § 24) and, "for any audit commenced on or after May 28, 2013, municipalities shall submit to the [D]epartment for approval a detailed audit plan and audit program which shall be consistent with guidelines on audit standards and procedures issued by the [D]epartment on or after such date" (8 NYCRR 200.18 [b] [2]).

Petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request in September 2013, seeking the audit guidelines issued by the Department and any communications that it had with municipalities or school districts "relating to the standards and procedures for, or relating to past, current or future fiscal audits of services or programs."  The Department denied the request in its entirety, stating that the documents were exempt from FOIL as records compiled for law enforcement purposes (see Public Officers Law § 87 [2] [e]).  Petitioner appealed from that denial and, when the Commissioner failed to rule on her appeal in a timely manner (see Public Officers Law § 89 [4]), she commenced the present CPLR article 78 proceeding.

Respondents answered and provided 55 pages of redacted documents as a response to petitioner's FOIL request, maintaining that the redacted portions were exempt from disclosure pursuant to Public Officers Law § 87 (2) (e) and (g).  Supreme Court rejected respondents' efforts to invoke Public Officers Law § 87 (2) (g) with regard to two of the pages, but held that the undisclosed portions of the remaining documents were compiled for law enforcement purposes and were exempt from disclosure under Public Officers Law § 87 (2) (e) (i).  Petitioner now appeals.

We affirm.  "FOIL is based on a presumption of access to

the records, and an agency . . . carries the burden of demonstrating that the exemption applies to the FOIL request" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007] [citations omitted]; see Public Officers Law § 89 [4] [b]).  The Department here relied upon Public Officers Law § 87 (2) (e) in providing redacted records and, specifically, a provision that exempts records from disclosure that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations or judicial proceedings" (Public Officers Law § 87 [2] [e] [i]).  Respondents asserted that the redactions were necessary because disclosure of the unredacted documents would reveal auditing techniques that would enable the providers of preschool special education programs to conceal their financial misdeeds more effectively.[1]

The Department was directed to prepare the audit guidelines in the wake of audits conducted by the Comptroller that "found a pattern of mismanagement, waste and even fraud by numerous private providers of preschool special education" (New York State Office of the State Comptroller, 2014 Annual Report, Preschool Special Education Audit Initiative, at 3; see L 2013, ch 57, part A, § 24).  Those audits resulted in criminal investigations and the referral of "numerous" certified public accountants to the Department for disciplinary proceedings, and there is no reason to doubt that audits conducted under the guidance of the Department are also aimed at uncovering financial malfeasance.  As such, while the guidelines and related documents did not arise from a specific law enforcement investigation, they were nevertheless compiled with law enforcement purposes in mind, and

---

[1] Petitioner claims that respondents are now improperly attempting to rely upon Public Officers Law § 87 (2) (e) (iv), which exempts from disclosure documents "compiled for law enforcement purposes . . . [that would] reveal criminal investigative techniques or procedures, except routine techniques and procedures."  Inasmuch as respondents argue that the interference in future investigations will stem from the auditing techniques detailed in the unredacted documents, however, no meaningful distinction can be drawn between Public Officers Law § 87 (2) (e) (i) and (iv) under the circumstances of this case.

are exempt from disclosure if their release would enable individuals to "frustrate pending or prospective investigations or to use that information to impede a prosecution" (Matter of Council of Regulated Adult Liq. Licensees v City of N.Y. Police Dept., 300 AD2d 17, 18 [2002]; see Matter of Fink v Lefkowitz, 47 NY2d 567, 572 [1979]; see also Tax Analysts v Internal Revenue Serv., 294 F3d 71, 79 [DC Cir 2002] [interpreting analogous provision of federal Freedom of Information Act]).

Turning to the documents themselves, petitioner does not dispute that she has obtained unredacted copies of almost 20 of the produced pages from another source, rendering academic a good portion of the relief she seeks (see Matter of Fappiano v New York City Police Dept., 95 NY2d 738, 749 [2001]; Matter of Moore v Santucci, 151 AD2d 677, 678 [1989]). The audit guidelines themselves were disclosed. The remaining documents include an internal control questionnaire and an audit plan prepared by the Onondaga County Comptroller, and a review of the unredacted documents in camera reveal that they outline specific methods used by an auditor to examine the financial behavior of preschool special education program providers. Inasmuch as the redacted portions would indeed reveal to "unscrupulous [providers] the path that an audit is likely to take and alert[] them to items to which investigators are instructed to pay particular attention," we agree with Supreme Court that they are "compilations of investigative techniques exempt from disclosure" (Matter of Fink v Lefkowitz, 47 NY2d at 572-573).

Petitioner lastly argues that, because the Department failed to respond to her administrative appeal in a timely fashion, she is entitled to counsel fees. Reasonable counsel fees may indeed be awarded in a FOIL proceeding where "the agency failed to respond to a request or appeal within the statutory time," but only if the petitioner has "substantially prevailed" in the CPLR article 78 proceeding that followed (Public Officers Law § 89 [4] [c]). Supreme Court correctly determined that the vast majority of the challenged redactions were appropriate and, because she has not substantially prevailed, petitioner is not entitled to an award of counsel fees (see Matter of Saxton v New York State Dept. of Taxation & Fin., 107 AD3d 1104, 1105 [2013]; Matter of Mack v Howard, 91 AD3d 1315, 1317 [2012]).

Garry, J.P., Rose and Lynch, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court