■ In the Matter of JOHN COOK, Respondent, v NASSAU COUNTY POLICE DEPARTMENT et al., Appellants. [34 NYS3d 150]—

In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and other litigation costs, the Nassau County Police Department, Thomas C. Krumpter, in his official capacity as Acting Commissioner of the Nassau County Police Department, and Detective Sergeant Israel Santiago, in his official capacity as Commanding Officer of the Legal Bureau of the Nassau County Police Department, appeal from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 9, 2015, which granted the petitioner's motion for an

award of an attorney's fee and other litigation expenses, and awarded an attorney's fee and litigation expenses in the total sum of $23,421.41.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the petitioner's motion for an award of an attorney's fee and other litigation expenses is denied.

The proceeding underlying this appeal arose out of the petitioner's 2011 request for disclosure of certain records of the Nassau County Police Department (hereinafter the NCPD) under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). Following this Court's determination on an earlier appeal regarding the disclosure of the requested records (see Matter of Cook v Nassau County Police Dept., 110 AD3d 718 [2013]), the petitioner moved pursuant to Public Officers Law § 89 (4) (c) for an award of an attorney's fee and litigation expenses, and the Supreme Court granted the motion.

In enacting FOIL, the Legislature declared that "government is the public's business" and expressly found that "a free society is maintained when government is responsive and responsible to the public, and when the public is aware of governmental actions" (Public Officers Law § 84). In order to " 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL' " (Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [2011], quoting Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 492 at 5; see Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d 929, 931 [2016]), the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings. Specifically, pursuant to Public Officers Law § 89 (4) (c), "[t]he court . . . may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, when: i. the agency had no reasonable basis for denying access."

Here, the record does not support the Supreme Court's finding that the petitioner "substantially prevailed" in this proceeding. Although the NCPD was eventually ordered to disclose certain records, its claims of exemptions were largely sustained (see Matter of Jaronczyk v Mangano, 121 AD3d 995, 997 [2014];

*Matter of Saxton v New York State Dept. of Taxation & Fin.*, 107 AD3d 1104, 1105 [2013]; *Matter of Mack v Howard*, 91 AD3d 1315, 1317 [2012]; *Matter of Henry Schein, Inc., v Eristoff*, 35 AD3d 1124, 1126 [2006]; *cf. Matter of Madeiros v New York State Educ. Dept.*, 133 AD3d 962, 965 [2015], *lv granted* 27 NY3d 903 [2016]; *Matter of Bottom v Fischer*, 129 AD3d 1604, 1605 [2015]). Inasmuch as the petitioner did not meet the statutory prerequisite, the court lacked discretionary authority to award an attorney's fee and litigation expenses under Public Officers Law § 89 (4) (c). Thus, the petitioner's motion should have been denied. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.