Matter of McNerney v Carmel Cent. Sch. Dist. (2022 NY Slip Op 02799)

Matter of McNerney v Carmel Cent. Sch. Dist.

2022 NY Slip Op 02799

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-02085
2019-02086
2019-02087
 (Index No. 211/18)

[*1]In the Matter of Robert McNerney, appellant,
v
Carmel Central School District, et al., respondents.

Cory H. Morris, Melville, NY, for appellant.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Maurizio Savoiardo of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from (1) an order of the Supreme Court, Putnam County (Janet C. Malone, J.), dated October 19, 2018, (2) an order of the same court dated November 15, 2018, and (3) a judgment of the same court dated December 14, 2018. The order dated October 19, 2018, inter alia, reserved decision on that branch of the petitioner's cross motion which was for an award of attorney's fees. The order dated November 15, 2018, inter alia, denied, as academic, the petitioner's motion, among other things, to direct the Carmel Central School District and Andy Irvin to conduct a search for certain requested materials. The judgment, insofar as appealed from, denied that branch of the petition which was for an award of attorney's fees and litigation costs, and, in effect, dismissed that portion of the proceeding.
ORDERED that the appeals from the orders are dismissed, as no appeal lies as of right from an intermediate order in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]); and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the petition which was for an award of attorney's fees and litigation costs is granted, and the matter is remitted to the Supreme Court, Putnam County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
On October 31, 2017, the petitioner sent a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to the Carmel Central School District (hereinafter the CCSD) requesting certain records related to, among other things, an incident in which the petitioner was banned from CCSD athletic and other school activities for a period of one year. Approximately four weeks later, upon failing to receive a response to his FOIL request, the [*2]petitioner mailed an appeal to Andy Irvin, the superintendent of CCSD.
Thereafter, on or about March 30, 2018, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to compel the CCSD and Irvin (hereinafter together the respondents) to produce records pursuant to FOIL and for an award of attorney's fees and litigation costs. After the petitioner commenced this proceeding, the respondents sent a significant number of materials in response to the petitioner's FOIL request.
As relevant to this appeal, the Supreme Court denied the petitioner's request for attorney's fees and litigation costs, finding that the petitioner had not substantially prevailed on his petition and that the respondents "demonstrated a reasonable basis on the ground of privilege for denying the [FOIL] request." The petitioner appeals.
"In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060 [citations and internal quotation marks omitted]; see Public Officers Law § 89[4][c]; Matter of Edmond v Suffolk County, 197 AD3d 1297, 1299; Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d 798, 799). Thus, "[t]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (id. § 89[4][c][ii]). "A petitioner has 'substantially prevailed' within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of McDevitt v Suffolk County, 183 AD3d 826, 828; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79).
Here, the respondents did not timely respond to the petitioner's FOIL request (see Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d at 800). The first response, which consisted of four pages of materials, failed to address three of the four enumerated categories of material the petitioner sought. It was not until after the commencement of this proceeding that the respondents provided a significant number of additional documents responsive to the FOIL request. Under the circumstances of this case, the petitioner was the "substantially prevailing" party (Matter of Edmond v Suffolk County, 197 AD3d at 1300, citing Matter of LTTR Home Care, LLC v City of Mount Vernon, 179 AD3d at 800, and Matter of South Shore Press, Inc. v Havemeyer, 136 AD3d 929, 930-931; see Matter of Jaronczyk v Mangano, 121 AD3d 995, 997).
Furthermore, the respondents did not have a reasonable basis for initially denying the petitioner access to the responsive materials. Although a limited amount of material was reasonably withheld based on attorney-client privilege, the "petitioner's legal action ultimately succeeded in obtaining substantial unredacted post-commencement disclosure responsive to h[is] FOIL request" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 79; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225; Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 898).
The respondents' remaining contention is without merit.
Accordingly, the Supreme Court should have granted that branch of the petition which was for an award of attorney's fees and litigation costs, and we remit the matter to the Supreme Court, Putnam County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioner, and the entry of an appropriate amended judgment thereafter.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court