Matter of Suffern Educ. Assn. v Board of Educ. of the Suffern Cent. Sch. Dist. (2023 NY Slip Op 00873)

Matter of Suffern Educ. Assn. v Board of Educ. of the Suffern Cent. Sch. Dist.

2023 NY Slip Op 00873

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-05119
 (Index No. 35766/19)

[*1]In the Matter of Suffern Education Association, et al., petitioners-respondents, 
v
Board of Education of the Suffern Central School District, et al., respondents-appellants.

Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY (Mark C. Rushfield of counsel), for respondents-appellants.
Robert T. Reilly, Latham, NY (Christina M. French of counsel), for petitioners-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and other costs, the appeal is from a judgment of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated June 9, 2020. The judgment, insofar as appealed from, granted the petition, directed the appellants to provide the petitioners with certain unredacted documents, and awarded the petitioners attorneys' fees and other costs.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
On May 2, 2019, the petitioners filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of certain documents from the appellants. After an initial timely response, the appellants' records access officer, inter alia, advised the petitioners that certain documents would be provided by June 12, 2019. On June 13, 2019, after not receiving any documents, the petitioners submitted an administrative appeal. On June 17, 2019, the petitioners' FOIL request was granted in part and denied in part and the appellants provided the petitioners with copies of several email communications that were heavily redacted.
The petitioners commenced this proceeding pursuant to CPLR article 78 to compel the appellants to provide them with the emails at issue in unredacted form as well as an award of attorneys' fees and other costs pursuant to Public Officers Law § 89(4)(c). In an order dated May 11, 2020, the Supreme Court directed the appellants to provide the court with an unredacted set of the emails at issue for in camera review. In a judgment dated June 9, 2020, following in camera review, the court, inter alia, granted the petition, directed the appellants to provide the petitioners with the emails at issue in unredacted form, and awarded the petitioners attorneys' fees and other costs. This appeal ensued.
"FOIL requires that public agencies 'make available for public inspection and copying all records' except where they fall within one of the statute's enumerated exemptions" (Matter of Kosmider v Whitney, 34 NY3d 48, 54, quoting Public Officers Law § 87[2]). Courts "typically construe exemptions narrowly, and an agency has the burden of demonstrating that an exemption [*2]applies 'by articulating a particularized and specific justification for denying access'" (Matter of Kosmider v Whitney, 34 NY3d at 54, quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463).
Public Officers Law § 87(2)(g)(i) provides that an agency may deny access to records or portions thereof that "are inter-agency or intra-agency materials which are not," inter alia, "statistical or factual tabulations or data." "Factual data is identified as objective information, rather than 'opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making'" (Matter of Humane Socy. of U.S. v Brennan, 53 AD3d 909, 911, quoting Matter of Gould v New York City Police Dept., 89 NY2d 267, 277). Here, upon our own in camera inspection of the email communications at issue, we conclude that the Supreme Court properly determined, in effect, that the redacted information constitutes factual data that is not exempt from disclosure and that, therefore, the appellants did not meet their burden to show that the redacted portions of the emails at issue are exempt from disclosure.
Moreover, the Supreme Court providently exercised its discretion in awarding the petitioners attorneys' fees and other costs (see Public Officers Law § 89[4][c][i]; see generally Matter of Cobado v Benziger, 163 AD3d 1103, 1106). "In order to create a clear deterrent to unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Edmond v Suffolk County, 197 AD3d 1297, 1299 [alterations and internal quotation marks omitted]; see Public Officers Law § 89[4][c]). Here, it is undisputed that the appellants, in effect, denied the petitioners access to nonexempt documents, as no documents were provided by the self-imposed response date.
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court