Matter of Lane v County of Nassau (2023 NY Slip Op 06139)

Matter of Lane v County of Nassau

2023 NY Slip Op 06139

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-04608
 (Index No. 603034/21)

[*1]In the Matter of Charles Lane, appellant, 
v
County of Nassau, et al., respondents.

Cory H. Morris (Aron Law PLLC, Brooklyn, NY [Joseph H. Aron], of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag, Samantha A. Goetz, and Ian Bergstrom of counsel), for respondents.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered June 18, 2021. The order and judgment, insofar as appealed from, in effect, denied those branches of the petition which were to compel the production of a telephone directory of employees of the respondent Nassau County Police Department, to compel the production of records listing all current employees of the respondent Nassau County Police Department which contain the employees' names, departments, titles, and salaries, and for an award of attorney's fees and litigation costs insofar as asserted against the respondents County of Nassau and Nassau County Police Department, and dismissed those portions of the proceeding insofar as asserted against those respondents.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the petition which was to compel the production of a telephone directory of employees of the respondent Nassau County Police Department insofar as asserted against the respondents County of Nassau and Nassau County Police Department and dismissing that portion of the proceeding insofar as asserted against those respondents, and substituting therefor a provision granting that branch of the petition insofar as asserted against those respondents in accordance herewith, and (2) by deleting the provision thereof, in effect, denying that branch of the petition which was for an award of attorney's fees and litigation costs insofar as asserted against the respondents County of Nassau and Nassau County Police Department and dismissing that portion of the proceeding insofar as asserted against those respondents, and substituting therefor a provision granting that branch of the petition insofar as asserted against those respondents; as so modified, the order and judgment is affirmed insofar as appealed from, with costs payable to the petitioner, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of an award of reasonable attorney's fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter.
On November 29, 2020, the petitioner, a reporter, filed a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) for the production of (1) [*2]records listing "all current employees of the Nassau County Police Department [hereinafter the NCPD] that contains a) their name; b) department; c) title; and d) salary," and (2) a telephone directory of the employees of the NCPD. On January 7, 2021, the NCPD Legal Department Bureau responded to state that the FOIL request was denied. The petitioner then filed an administrative appeal from the denial of his FOIL request. In a letter dated January 27, 2021, the NCPD Commissioner, Patrick Ryder (hereinafter the Commissioner), stated, inter alia, that the petitioner's first request for employee records "should have been referred to the Nassau County Comptroller's Office," and that the requested records were available to the public on the website for the Comptroller's Office. The Commissioner also indicated that the petitioner's second request for a telephone directory of the employees of the NCPD must be denied on the ground that "[t]he release of personal contact information of employees" constituted "an unwarranted invasion of personal privacy."
On March 12, 2021, the petitioner commenced this proceeding, inter alia, pursuant to CPLR article 78 to compel the production of the materials sought in his FOIL request, and for an award of attorney's fees and litigation costs incurred by the petitioner in connection with this proceeding against County of Nassau, the NCPD, the NCPD Legal Department Bureau, and the Commissioner. In opposition to the petition, the respondents submitted, among other things, a redacted version of the telephone directory used by the NCPD. On March 30, 2021, the Comptroller's Office provided the petitioner with information regarding the names, titles, departments, base annual salaries, overtime, and start and end dates for the employees of the NCPD. In an order and judgment entered June 18, 2021, the Supreme Court, inter alia, in effect, denied those branches of the petition which were to compel the production of the materials sought in the petitioner's FOIL request and for an award of attorney's fees and litigation costs insofar as asserted against the County and the NCPD, and dismissed those portions of the proceeding insofar as asserted against the County and the NCPD. The petitioner appeals.
"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public" (Matter of Jewish Press, Inc. v New York City Dept. of Corr., 200 AD3d 1038, 1039; see Public Officers Law § 84). "FOIL 'proceeds under the premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571). "An agency must 'make available for public inspection and copying all records' unless it can claim a specific exemption to disclosure" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462, quoting Public Officers Law § 87[2]; see Public Officers Law § 87[3]). "[T]he agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566; see Public Officers Law § 89[4][b]). "If the agency fails to prove that a statutory exemption applies, FOIL 'compels disclosure, not concealment'" (Matter of Aron Law, PLLC v New York City Fire Dept., 191 AD3d 664, 665, quoting Matter of Westchester Rockland Newspapers v Kimball, 50 NY2d 575, 580).
Here, the Supreme Court properly, in effect, denied that branch of the petition which was to compel the production of records of the NCPD employee information, including as to salary, insofar as asserted against the County and the NCPD since that information was provided to the petitioner by the Comptroller's Office on March 30, 2021 (see Fappiano v New York City Police Dept., 95 NY2d 738, 749; Matter of Madeiros v New York State Educ. Dept., 133 AD3d 962, 965, affd 30 NY3d 67; Matter of Khatibi v Weill, 8 AD3d 485, 486; Matter of Moore v Santucci, 151 AD2d 677, 678). Moreover, the record reflects that the County Attorney provided the same information to the petitioner on April 14, 2021.
However, the Supreme Court improperly, in effect, denied that branch of the petition which was to compel the production of a NCPD telephone directory, without redactions, insofar as asserted against the County and the NCPD, as those respondents failed to demonstrate the applicability of an exemption to disclosure warranting redaction of the telephone directory (see [*3]Matter of Suffern Educ. Assn. v Board of Educ. of the Suffern Cent. Sch. Dist., 213 AD3d 857, 859), which did not contain any personal telephone or cell phone numbers (see Public Officers Law § 89[2-b][b]).
Furthermore, the Supreme Court improperly, in effect, denied that branch of the petition which was for an award of attorney's fees and litigation costs insofar as asserted against the County and the NCPD. "'In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013, quoting Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060). Thus, "[t]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013). "'A petitioner has "substantially prevailed" within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013, quoting Matter of McDevitt v Suffolk County, 183 AD3d 826, 828). Here, the petitioner substantially prevailed in this proceeding by obtaining a significant portion of the records and information responsive to the FOIL request after the commencement of the proceeding (see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1014). Contrary to the respondents' contention, the purported public availability of the requested records and information does not preclude a determination that the petitioner substantially prevailed (see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1286). Moreover, the record reflects that the respondents did not have a reasonable basis for the initial denial of the petitioner's FOIL request in its entirety (see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013; Matter of Bottom v Fischer, 129 AD3d 1604, 1605).
Accordingly, the Supreme Court should have granted those branches of the petition which were to compel the production of a telephone directory of the employees of the NCPD, without redactions, and for an award of attorney's fees and litigation costs insofar as asserted against the County and the NCPD. We remit the matter to the Supreme Court, Nassau County, for a determination of an award of reasonable attorney's fees and litigation costs to the petitioner, and the entry of an appropriate amended judgment thereafter.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court