Matter of New York Civ. Liberties Union v Village of Freeport (2024 NY Slip Op 03824)

Matter of New York Civ. Liberties Union v Village of Freeport

2024 NY Slip Op 03824

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-03104
 (Index No. 605669/21)

[*1]In the Matter of New York Civil Liberties Union, appellant, 
v
Village of Freeport, et al., respondents.

Milbank, LLP (Errol Taylor, Atara Miller, Andrew Wellin, Samantha Lovin, Gio Crivello, Monica Glover, Lyndsey Pere, and New York Civil Liberties Union Foundation, New York, NY [Robert Hodgson and Lisa Laplace], of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Stephen L. Martir of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law article 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered April 4, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of reasonable attorney's fees and litigation costs to be awarded to the petitioner and the entry of an appropriate amended judgment thereafter.
In September 2020, the petitioner made a request of the Freeport Police Department (hereinafter the FPD) pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) to obtain certain law enforcement disciplinary records. The FPD disclosed certain material but withheld all documents relating to matters that did not result in disciplinary action on the ground that those documents were exempt from disclosure as an unwarranted invasion of personal privacy pursuant to Public Officers Law § 87(2)(b). The petitioner then filed an administrative appeal, which was denied on the grounds that disclosure of the withheld records would be an unwarranted invasion of personal privacy pursuant to Public Officers Law § 87(2)(b) and could endanger the life or safety of persons pursuant to Public Officers Law § 87(2)(f). The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 against the Village of Freeport and the FPD (hereinafter together the respondents) to compel the production of the withheld records and for an award of attorney's fees and litigation costs. In a judgment entered April 4, 2022, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public'" (Matter of Lane v County of Nassau, 221 AD3d 1008, 1010, quoting Matter of Jewish Press, Inc. v New York City Dept. of Corr., 200 AD3d 1038, 1039; see Public Officers Law § 84). "'FOIL proceeds under the premise that the [*2]public is vested with an inherent right to know and that official secrecy is anathematic to our form of government'" (id., quoting Matter of New York Times Co. v District Attorney of Kings County, 179 AD3d 115, 121 [internal quotation marks omitted]). Accordingly, "[a]ll government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2)" (Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930 [internal quotation marks omitted]; see Matter of Lepper v Village of Babylon, 190 AD3d 738, 741-743).
Public Officers Law § 87(2)(b) and (f) provide, inter alia, an exemption from disclosure for records or portions of records that if disclosed, would constitute an unwarranted invasion of personal privacy" or could endanger the life or safety of any person. "Consistent with the policy of broad public access, the exemptions are to be narrowly construed, and the burden rests on the agency to demonstrate that the requested material qualifies for exemption" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 89; see Public Officers Law § 89[4][b]; see Matter of Friedman v Rice, 30 NY3d 461, 475).
Here, contrary to the respondents' contention, the withheld records were not categorically exempt from disclosure. "[T]here is no categorical exemption from disclosure for unsubstantiated allegations or complaints of police misconduct" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 92; see Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530). "Upon repealing Civil Rights Law § 50-a, the Legislature amended . . . Public Officers Law to specifically contemplate the disclosure of 'law enforcement disciplinary records,' which it defines to include 'complaints, allegations, and charges against an employee'" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 91, quoting Public Officers Law § 86[6][a]). "If the Legislature had intended to exclude from disclosure complaints and allegations that were not substantiated, it would simply have stated as much" (id. [internal quotation marks omitted]; see Matter of Friedman v Rice, 30 NY3d at 478). "It did not, and instead included 'complaints, allegations, and charges' in its definition of disciplinary records, along with 'the disposition of any disciplinary proceeding,' without qualification as to the outcome of the proceeding" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 91, quoting Public Officers Law § 86[6][a], [d] [citation omitted]).
Accordingly, disclosure of the withheld records was required unless those records "'[fell] squarely within the ambit of one of [the] statutory exemptions [under Public Officers Law § 87(2)]'" (id. at 90, quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571; see Matter of Friedman v Rice, 30 NY3d at 481). "'To meet its burden, the party seeking exemption must present specific, persuasive evidence' that the material falls within the exemption" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 90, quoting Matter of Markowitz v Serio, 11 NY3d 43, 51). "'Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed'" (Matter of Prall v New York City Dept. of Corr., 129 AD3d 734, 736, quoting Matter of Baez v Brown, 124 AD3d 881, 883 [internal quotation marks omitted]). Here, the respondents failed to demonstrate that the withheld records fell squarely within the personal privacy exemption or the life and safety exemption. Accordingly, the Supreme Court should have directed the respondents to disclose the withheld records, with appropriate redactions for officer privacy and safety.
Furthermore, "'[t]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of' Public Officers Law § 89 'in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access'" (Matter of Lane v County of Nassau, 221 AD3d at 1011, quoting Public Officers Law § 89[4][c][ii]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013). "'A petitioner has "substantially prevailed" within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of Lane v County of Nassau, 221 AD3d at 1011, quoting Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013 [internal quotation marks omitted]; see Matter of McDevitt v Suffolk County, 183 AD3d 826, 828).
Here, the petitioner substantially prevailed in this proceeding by obtaining a portion of the records and information responsive to the FOIL request and is therefore entitled to reasonable attorney's fees and litigation costs. The record reflects that the FPD did not have a reasonable basis for denying access to the withheld records, and instead should have produced those records with redactions (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 91-92; Matter of Lane v County of Nassau, 221 AD3d at 1011; Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013).
Accordingly, the Supreme Court should have awarded the petitioner reasonable attorney's fees and litigation costs pursuant to Public Officers Law § 89. We remit the matter to the Supreme Court, Nassau County, for a determination of an award of reasonable attorney's fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court