Matter of Sethi v Town of Hempstead (2024 NY Slip Op 06202)

Matter of Sethi v Town of Hempstead

2024 NY Slip Op 06202

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02474
 (Index No. 607720/20)

[*1]In the Matter of Rita Sethi, respondent, 
v
Town of Hempstead, appellant.

Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal and Thomas J. Mullaney of counsel), for appellant.
Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron and Aviva Y. Horowitz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the Town of Hempstead appeals from a money judgment of the Supreme Court, Nassau County (Dawn Jimenez, J.), dated February 17, 2023. The money judgment, insofar as appealed from, upon an order of the same court dated February 9, 2023, is in favor of the petitioner and against the Town of Hempstead in the principal sum of $60,015, representing an award of attorneys' fees.
ORDERED that the money judgment is affirmed insofar as appealed from, with costs.
In July 2020, the petitioner commenced this proceeding pursuant to CPLR article 78 to compel the Town of Hempstead to produce documents in response to a request pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) and for an award of attorneys' fees and litigation costs. The FOIL request sought, inter alia, "[a]ll formal and informal complaints of sexual harassment by or against a Town employee made to any EEO office, Town Counsel, Human Resources, any Commissioner or any Supervisor, administrative agency or court of law, from 2014 through the present." After an in camera review of 25 representative documents, the Supreme Court directed the Town to produce all documents sought in the petitioner's FOIL request, "redacting all portions necessary to safeguard the identities of any and all past or current employees" other than the two referenced by name in the FOIL request.
In December 2021, the Town produced its response, and the petitioner moved for an award of attorneys' fees and litigation costs pursuant to Public Officers Law § 89(4)(c). In an order dated September 15, 2022, the Supreme Court granted the petitioner's motion and directed the parties to submit papers to determine the amount of attorneys' fees and litigation costs. In an order dated February 9, 2023, the court, among other things, determined that the petitioner was entitled to an award of attorneys' fees in the amount of $60,015. A money judgment dated February 17, 2023, was issued upon that order, inter alia, in favor of the petitioner and against the Town in the principal sum of $60,015. The Town appeals.
"'In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other [*2]litigation costs in FOIL proceedings'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013, quoting Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060). Thus, "[t]he court in such a proceeding: (i) may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of [Public Officers Law § 89] in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time; and (ii) shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of [Public Officers Law § 89] in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013). "'A petitioner has "substantially prevailed" within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013, quoting Matter of McDevitt v Suffolk County, 183 AD3d 826, 828).
Here, the petitioner substantially prevailed in this CPLR article 78 proceeding, and the Town failed to demonstrate a reasonable basis for denying access to the responsive documents (see Public Officers Law § 89[2][c][i]; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 90-91). Accordingly, the Supreme Court properly granted that branch of the petitioner's motion which was for an award of attorneys' fees, including those fees incurred in connection with the petitioner's motion to hold the Town in contempt for excessive redacting and failure to produce responsive documents (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79; Matter of Lane v County of Nassau, 221 AD3d 1008, 1012). Contrary to the Town's contention, the court providently exercised its discretion in determining that the hourly rates requested by the petitioner's attorneys were reasonable (see Lancer Indem. Co. v JKH Realty Group, LLC, 127 AD3d 1035, 1036).
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court