Matter of Aron Law, PLLC v New York City Fire Dept. (2025 NY Slip Op 05806)

Matter of Aron Law, PLLC v New York City Fire Dept.

2025 NY Slip Op 05806

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2024-02384
 (Index No. 509873/23)

[*1]In the Matter of Aron Law, PLLC, appellant,
v
New York City Fire Department, respondent.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron and Aviva Y. Horowitz of counsel), appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Amanda Abata of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to compel disclosure of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated February 20, 2024. The judgment, insofar as appealed from, denied that branch of the petition which was for an award of attorney's fees and litigation costs and, in effect, dismissed that portion of the proceeding.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was for an award of attorney's fees and litigation costs is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees and litigation costs to be awarded to the petitioner and the entry of an appropriate amended judgment thereafter.
In November 2019, the petitioner made a request of the New York City Fire Department (hereinafter the FDNY) pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) to obtain a FOIL "log." More than three years later, in December 2022, upon the FDNY's failures to disclose any material and comply with several self-imposed deadlines, the petitioner submitted an administrative appeal to the FDNY FOIL Appeals Unit, asserting that its FOIL request had been constructively denied. On February 7, 2023, the FDNY FOIL Appeals Unit responded that it was "backlogged and short-staffed" and that it would respond within 30 days. It did not respond within 30 days.
On March 31, 2023, the petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to compel the FDNY to produce records pursuant to FOIL and for an award of attorney's fees and litigation costs. In a memorandum of law in support of its motion to dismiss the petition, the FDNY asserted for the first time that it did not have an obligation to create documents that do not exist. However, the FDNY subsequently provided a FOIL "log" in response to the petitioner's FOIL request.
In a judgment dated February 20, 2024, the Supreme Court, inter alia, denied that [*2]branch of the petition which was for an award of attorney's fees and litigation costs and, in effect, dismissed that portion of the proceeding on the ground that the FDNY demonstrated a reasonable basis for initially not providing the requested records. The petitioner appeals.
"In order to create a clear deterrent to unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings" (Matter of Suffern Educ. Assn. v Board of Educ. of the Suffern Cent. Sch. Dist., 213 AD3d 857, 859 [internal quotation marks omitted]). Thus, "[t]he court in such a proceeding . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of [Public Officers Law § 89] in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89[4][c][ii]). "A petitioner has 'substantially prevailed' within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013 [internal quotation marks omitted]).
Here, the FDNY did not provide the requested information for more than three years, and only provided it after the petitioner commenced the instant proceeding. Under these circumstances, the petitioner established that it substantially prevailed (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79; Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1014; Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 897).
Moreover, the FDNY did not provide a reasonable basis for denying the petitioner's FOIL request (see Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d at 897-898). Although the FDNY asserted for the first time in the memorandum of law in support of its motion to dismiss the petition that it had no obligation to create documents, the record reflects that for more than three years, the FDNY never denied the petitioner's FOIL request on the ground that it did not maintain a FOIL "log" (see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 94). Further, the FDNY submitted no evidence, such as an affidavit from someone with personal knowledge of the facts, to establish that it did not maintain a FOIL "log."
Accordingly, the Supreme Court should have awarded the petitioner reasonable attorney's fees and litigation costs pursuant to Public Officers Law § 89. We remit the matter to the Supreme Court, Kings County, for a determination of the amount of reasonable attorney's fees and litigation costs to be awarded to the petitioner and the entry of an appropriate amended judgment thereafter.
The petitioner's remaining contention is academic in light of the foregoing.
CONNOLLY, J.P., CHAMBERS, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court