Matter of Wagner v New York City Dept. of Health & Mental Hygiene (2026 NY Slip Op 00517)

Matter of Wagner v New York City Dept. of Health & Mental Hygiene

2026 NY Slip Op 00517

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-07158
 (Index No. 700407/23)

[*1]In the Matter of Jimmy Wagner, appellant,
vNew York City Department of Health and Mental Hygiene, respondent.

Aron Law, PLLC, Brooklyn, NY (Aviva Y. Horowitz and Joseph H. Aron of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Geoffrey E. Curfman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorneys' fees and litigation costs, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 13, 2023. The judgment, insofar as appealed from, denied those branches of the petition which were to compel the production of certain records and for an award of attorneys' fees and litigation costs and dismissed those portions of the proceeding.
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof denying that branch of the petition which was to compel the production of certain records and dismissing that portion of the proceeding, and substituting therefor a provision granting that branch of the petition only to the extent of compelling the production of (a) a document referred to in the petition as 33 and attachments thereto, (b) a document referred to in the petition as 81-82 and attachments thereto, (c) a document referred to in the petition as 576-577 and attachments thereto, (d) a document referred to in the petition as 664, (e) a document referred to in the petition as 669 and attachments thereto, and (f) a document referred to in the petition as 913-920 and attachments thereto, and (2) by deleting the provision thereof denying that branch of the petition which was for an award of attorneys' fees and litigation costs and dismissing that portion of the proceeding, and substituting therefore a provision granting that branch of the petition; as so modified, the judgment is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Queens County, for a determination of the amount of an award of reasonable attorneys' fees and litigation costs to the petitioner and the entry of an appropriate amended judgment thereafter.
In November 2021, the petitioner filed an amended Freedom of Information Law (FOIL) (Public Officers Law art 6) request with the New York City Department of Health and Mental Hygiene (hereinafter the DOHMH) for the production of various records and correspondence regarding the COVID-19 vaccine from July 21, 2021, until the date of his request. On August 19, 2022, the DOHMH granted in part and denied in part the petitioner's request. The DOHMH [*2]produced some documents with redactions and withheld certain attachments from other documents. The petitioner filed an administrative appeal with respect to the partial denial, which included challenges to certain redactions and the DOHMH's withholding of certain attachments. On September 12, 2022, the DOHMH, inter alia, upheld its determinations regarding certain redactions and the withholding of attachments on the ground that disclosure would be an unwarranted invasion of personal privacy and/or the requested documents constituted inter-agency or intra-agency materials (see id. §§ 87[2][b], [g]; 89[2][b]).
The petitioner commenced this CPLR article 78 proceeding to compel, among other things, the production of (1) a document referred to in the petition as 33 and attachments thereto (hereinafter together documents 33), (2) a document referred to in the petition as 81-82 and attachments thereto (hereinafter together documents 81-82), (3) a document referred to in the petition as 576-577 and attachments thereto (hereafter together documents 576-577), (4) a document referred to in the petition as 664 (hereinafter document 664), (5) a document referred to in the petition as 669 and attachments thereto (hereinafter together documents 669), and (6) a document referred to in the petition as 913-920 and an attachment thereto (hereinafter together documents 913-920), and for an award of attorneys' fees and litigation costs pursuant to Public Officers Law § 89(4)(c). After an in camera inspection, the Supreme Court, inter alia, denied those branches of the petition and dismissed those portions of the proceeding. The petitioner appeals.
"In order to promote open government and public accountability, FOIL imposes a broad duty on government to make its records available to the public" (Matter of Lane v County of Suffolk, 236 AD3d 791, 792 [internal quotation marks omitted]; see Matter of Tuckahoe Common Sch. Dist. v Town of Southampton, 179 AD3d 929, 930). "An agency must 'make available for public inspection and copying all records' unless it can claim a specific exemption to disclosure" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462, quoting Public Officers Law § 87[2]). "[T]he agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Lane v County of Nassau, 221 AD3d 1008, 1010 [internal quotation marks omitted]).
The privacy exemption authorizes an agency to deny access to records or portions of such records that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]; see id. § 89[2]; Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d 789, 791). The inter-agency or intra-agency exemption provides, among other things, that an agency may deny access to records or portions thereof that "are inter-agency or intra-agency materials which are not . . . statistical or factual tabulations or data; . . . instructions to staff that affect the public; [or] . . . final agency policy or determinations" (Public Officers Law § 87[2][g]; see Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d 85, 95).
Here, the DOHMH failed to sustain its burden of proving that the personal privacy exemption or the inter-agency or intra-agency exemption applied to documents 33 (see Public Officers Law §§ 87[2][b], [g]; 89[2][b]). The DOHMH did not provide specific, persuasive evidence that the information requested in documents 33 fell within either exemption (see Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 567; Matter of Gannett Co., Inc. v Town of Greenburgh Police Dept., 229 AD3d at 792). As such, the petitioner was entitled to the information requested in documents 33.
The DOHMH also failed to sustain its burden of proving that the inter-agency or intra-agency exemption applied to documents 81-82, documents 576-577, document 664, documents 669, and documents 913-920, as the DOHMH only provided conclusory assertions without factual support (see Public Officers Law § 87[2][g]; Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 96). This was insufficient "to meet [its] burden of demonstrating that the exemption applied to any of the requested material" (Matter of Newsday, LLC v Nassau County Police Dept., 222 AD3d at 94; see Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 908). As such, the petitioner was entitled to the information requested in documents 81-82, documents 576-577, document 664, documents 669, and documents 913-920.
Further, the Supreme Court should have granted that branch of the petition which was for an award of attorneys' fees and litigation costs. "'In order to create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL, the Legislature has provided for the assessment of an attorney's fee and other litigation costs in FOIL proceedings'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d 1012, 1013, quoting Matter of Cook v Nassau County Police Dept., 140 AD3d 1059, 1060; see Matter of Lane v County of Nassau, 221 AD3d at 1011). Thus, "[t]he court . . . shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of" Public Officers Law § 89 "in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (id. § 89[4][c][ii]; see Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013). "'A petitioner has "substantially prevailed" within the meaning of Public Officers Law § 89(4)(c) when the commencement of the CPLR article 78 proceeding ultimately succeeds in obtaining the records responsive to the FOIL request, whether by court order or by voluntary disclosure'" (Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013, quoting Matter of McDevitt v Suffolk County, 183 AD3d 826, 828). Here, the petitioner substantially prevailed in this CPLR article 78 proceeding by obtaining a significant portion of the information responsive to his FOIL request after the commencement of this proceeding (see Matter of Lane v County of Nassau, 221 AD3d at 1012; Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1014). Moreover, the record reflects that the DOHMH did not have a reasonable basis for denying access (see Matter of Lane v County of Nassau, 221 AD3d at 1012; Matter of McNerney v Carmel Cent. Sch. Dist., 204 AD3d at 1013; Matter of Bottom v Fischer, 129 AD3d 1604, 1605).
The parties' remaining contentions are either not properly before this Court or without merit.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court